IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE LEBON HOFFMAN, | No. C 05-04555 JW (PR) |
| Plaintiff, | *AMENDED* ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| CLAYTON SHYTLE, et al., | |
| Defendant(s). | |
| | (Docket Nos. 14, 16, 19, 20 & 21) |

Plaintiff filed the instant action under 42 U.S.C. § 1983, alleging that officials at Salinas Valley State Prison ("SVSP") were deliberately indifferent to his serious medical needs. Defendants have filed a motion for summary judgment, to which plaintiff has filed an opposition.

**DISCUSSION**

A.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. See id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

B.   Plaintiff's Claims

Plaintiff claims that defendants Kelley Ogle and Clayton Shytle, two registered nurses at SVSP, denied his requests for medical treatment. Plaintiff alleges he developed a serious urinary tract infection and bladder infection which has resulted in his having a permanent catheter.[1] In addition to the complaint, the Court has considered the exhibits lodged by plaintiff on December 14, 2005. These

---

[1] In plaintiff's other case filed in this court regarding his medical care at SVSP, see Hoffman v. Lee, No. C 06-2248 JW, plaintiff states, in his response to the motion for summary judgment in that case, that he sustained a host of serious injuries in 1983, prior to his incarceration. He further states that these injuries have led to ongoing medical problems while in prison.

Amended Order Granting Motion for Summary Judgment
G:\PRO-SE\SJ.JW\CR.05\Hoffman04555_amendmsj.wpd     2

exhibits consist of plaintiff's administrative appeals in which he alleged he received inadequate medical care from Ogle and Shytle (whom he referred to as "RN Kelley" and "RN Clay," respectively) in June and July 2004.

The Eighth Amendment requires that prison officials provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. Id. at 834.

To establish that the medical care provided by prison officials fell short of that required by the Eighth Amendment rights, a prisoner must show that the officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837.

Negligence is not enough for liability under the Eighth Amendment. Id. at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints

1  facing the official." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing
2  <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-03 (1991)).  Prison officials violate their
3  constitutional obligation only by "intentionally denying or delaying access to
4  medical care." <u>Estelle</u>, 429 U.S. at 104-05.

5       Defendants argue they are entitled to summary judgment on the grounds that
6  there is no genuine issue of fact that they were deliberately indifferent to his medical
7  needs.  Defendant Shytle submits a declaration in which he states that he was not
8  involved in plaintiff's medical treatment during the time period about which plaintiff
9  complains, June and July 2004.  (Shytle Decl. at 2.)  Shytle goes on to describe the
10 medical treatment plaintiff received during that time, as evidenced by plaintiff's
11 medical records.  On June 2, 2004, plaintiff submitted a form requesting medical
12 care for a skin condition.  (<u>Id.</u>)  The condition was considered routine, and plaintiff
13 was referred to a doctor.  (<u>Id.</u>)  Dr. Haffner treated plaintiff on June 15, 2004 for his
14 diabetes and other medical needs.  (<u>Id.</u>)  Two days later, plaintiff complained of
15 chest pains, and Dr. Haffner, after assessing plaintiff's medical condition, promptly
16 sent him to an outside hospital in an ambulance for treatment.  (<u>Id.</u>)  Shytle also
17 offers her medical opinion that the above-described medical treatment of plaintiff
18 was reasonable and within the applicable standard of care.  (<u>Id.</u> at 3.)

19      Plaintiff submits no evidence disputing the above-described facts, either that
20 defendants were involved in his treatment, or the denial thereof, during the time
21 period alleged.[2]  Liability may be imposed on an individual defendant under section
22 1983 if the plaintiff can show that the defendant proximately caused the deprivation
23 of a federally protected right.  See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir.

---

[2] Plaintiff's allegations in his administrative appeals and in his opposition do not constitute evidence.  The Court notes that plaintiff's other case challenging the same course of medical treatment, <u>Hoffmann v. Lee</u>, No. 06-2248 JW, has been referred to the Prisoner Mediation Program for mediation.

Amended Order Granting Motion for Summary Judgment
G:\PRO-SE\SJ.JW\CR.05\Hoffman04555_amendmsj.wpd    4

1988). In the absence of any evidence that defendants were involved in plaintiff's treatment during the time period of which he complains, there is no genuine issue of material fact that they caused him to receive inadequate medical care. Furthermore, even if defendants had been involved in plaintiff's care during that time, plaintiff offers no evidence, beyond his own opinion, disputing defendants' evidence that the treatment plaintiff received for his complaints during the relevant time period was reasonable and medically sound. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004). As plaintiff has failed to create a genuine issue of material fact that defendants were deliberately indifferent to his serious medical needs, defendants are entitled to summary judgment on plaintiff's claims.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Docket No. 16) is GRANTED. Plaintiff's motions for an extension of time (Docket Nos. 19-21) are GRANTED. The motion for appointment of counsel (Docket No. 14) is DENIED.

The clerk shall terminate Docket Nos. 14, 16, 19, 20 & 21.

DATED: September 21, 2007

JAMES WARE
United States District Judge

Amended Order Granting Motion for Summary Judgment
G:\PRO-SE\SJ.JW\CR.05\Hoffman04555_amendmsj.wpd     5