IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE LEBON HOFFMAN, | No. C 05-04555 JW (PR) |
| Plaintiff, | ORDER OF SERVICE ON REMAND |
| vs. | |
| KELLY OGLE, | |
| Defendant. | |

Plaintiff, a California prisoner incarcerated at Salinas Valley State Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifferent to his medical needs. On September 25, 2007, the district court granted defendant Clayton Shytle's motion for summary judgment. (See Docket No. 31.) Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit, which affirmed summary judgment in favor of defendant Shytle. (See Docket No. 41.) However, the Ninth Circuit vacated the grant of summary judgment as to defendant Kelly Ogle because this defendant never moved for summary judgment and Plaintiff never received notice that the court was considering summary judgment. (Id.) The Ninth Circuit vacated the district court's judgment as to defendant Ogle and remanded the matter. (Id.) The case was reopened accordingly.

The Court has reviewed the docket in this matter to ascertain if defendant

Order of Service on Remand
P:\PRO-SE\SJ.JW\CR.05\Hoffman04555_remand.wpd

Ogle ever appeared in this action. The court's Order of Service filed on September 20, 2006, directed the clerk to issues summons and the U. S. Marshall to serve the complaint upon defendant Ogle at Salinas Valley State Prison, where Plaintiff indicated she was located. (See Docket No. 11.) Summons for defendant Ogle was issued on October 26, 2006. However, it remains unclear whether defendant Ogle was ever actually served with the complaint. The remark on the summons states the following: "11/28/06 [at] 2 pm left summons with Araceli Esparza from Civil Litigation Unit." (See Docket No. 12.) In the interest of justice, the Court will direct the clerk to reissues summons and the Marshal to re-attempt to serve the complaint.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments and supplements (Docket No. 7) thereto, a copy of the Court's Order of Service (Docket No. 11), and a copy of this order upon **defendant Kelly Ogle** at the **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020).

2. No later than **sixty (60) days** from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above in the Court's Order of Service.

    a. If defendant elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

  3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

   a. In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,

---

[1] The following notice is adapted from the summary judgment notice to be given to <u>pro se</u> prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order of Service on Remand
P:\PRO-SE\SJ.JW\CR.05\Hoffman04555_remand.wpd    3

> if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4.    Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.    All communications by the plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED:  October 27, 2009

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PIERRE LEBON HOFFMAN,

        Plaintiff,

  v.

KELLY OGLE,

        Defendant.

Case Number: CV05-04555 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/3/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pierre L. Hoffman P-22734
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960-1050

Dated: 11/3/2009

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk